**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZHI QIN HONG, a.k.a. Miss Sala Klomkliang, | No. 07-74232 |
| Petitioner, | Agency No. A075-467-736 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Zhi Qin Hong, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying her motion to reopen

removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the denial of a motion to reopen. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny the petition for review.

The BIA did not abuse its discretion in denying Hong's motion to reopen as untimely where it was filed eight years after the BIA's final administrative decision, *see* 8 C.F.R. § 1003.2(c)(2), and Hong failed to establish changed circumstances in China to qualify for the regulatory exception to the time limitation, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (evidence must demonstrate prima facie eligibility for relief in order to reopen proceedings based on changed country conditions).

Hong's contention that the BIA failed to consider the evidence submitted with the motion to reopen fails, because she has not overcome the presumption that the BIA reviewed the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006).

Hong's contentions that the BIA applied improper standards of law in denying her motion to reopen are belied by the record.

**PETITION FOR REVIEW DENIED.**

07-74232